UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VIRGIN RECORDS AMERICA, INC., et al.,

                Plaintiff,

v.                                          Case No. 3:07-cv-195-J-33MCR

ANDREW S. COURSON,

                Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to the Application for Entry of Default Judgment by the Court (Doc. # 12), filed by the plaintiffs on August 20, 2007.  The plaintiffs request statutory damages of $6,750, costs of $550, and a permanent injunction.  Courson has not filed a response.  For the reasons that follow, the Court grants the plaintiffs' request.

The plaintiffs filed their complaint on March 20, 2007. (Doc. # 1.)  On July 30, 2007, the plaintiffs filed an affidavit of service showing that Courson was served with the summons and complaint on July 11, 2007. (Doc. # 7.)  Courson failed to plead or otherwise defend, and the plaintiffs filed a motion for default on August 8, 2007. (Doc. # 9.)  The Clerk entered a default on August 17, 2007. (Doc. # 11.)  Three days later, the plaintiffs filed this motion for a default judgment.

Well-pleaded factual allegations are established by default.

1

<u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975); <u>see also</u> <u>Buchanan v. Bowman</u>, 820 F.2d 359, 361 (11th Cir. 1987).  The complaint alleges that Courson has used an online media distribution system to download and distribute nine copyrighted songs.  (Doc. # 1, at 3-4.)  As such, the complaint contains sufficient factual allegations to establish Courson's liability for copyright infringement with respect to nine copyrighted works.  <u>See, e.g.</u>, <u>Calhoun v. Lillenas Publ'g</u>, 298 F.3d 1228, 1232 (11th Cir. 2002) (stating elements of prima facie case of copyright infringement are (1) a valid copyright, and (2) copying of original portions of copyrighted work).  Accordingly, Courson's liability is established.

The Copyright Act provides statutory damages for copyright violations.  Instead of seeking actual damages and disgorgement of the defendant's profits,

> the copyright owner may elect, at any time before final judgment is rendered, to recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504.  Here, the plaintiffs seek the minimum statutory damages of $750 per infringed work, totaling $6,750 for the nine works.  The Court awards this amount.  The plaintiffs also seek $550 in costs.  Under 17 U.S.C. § 505, the Court has discretion to award costs.  Thus, the Court awards $550 in costs.

The plaintiffs also request a permanent injunction enjoining

Courson from further infringing their copyrights.  The Copyright Act specifically provides for injunctive relief to prevent further infringement of a copyright.  17 U.S.C. § 502(a); Arista Records v. Becker, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).  Under 17 U.S.C. § 502(a), the Court may grant a final injunction as it deems reasonable to prevent or restrain infringement of a copyright.  Here, the Court deems reasonable an injunction in the form requested by the plaintiffs.

In determining whether to enter a permanent injunction, the Court should consider the following elements: "1) irreparable harm; 2) success on the merits; 3) a balancing of competing claims of injury to the parties; and 4) consideration of the public interest." Sony Music Entm't v. Global Arts Prods., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999).

The instant case meets all four of the elements required for issuing a permanent injunction.  Copyright infringements are presumed to cause irreparable harm.  CBS, Inc. v. PrimeTime 24 J.V., 9 F. Supp. 2d 1333, 1344-45 (S.D.N.Y. 1998); accord Universal City Studios, Inc. v. Reimerdes, 82 F. Supp. 2d 211, 215 (S.D.N.Y. 2000); see also Sony Music Entm't, 45 F. Supp. 2d at 1347 (explaining that party seeking injunction for copyright violations need not show irreparable harm).  And when a defendant is in default, the element of success on the merits is satisfied.  See Sony Music Entm't, 45 F. Supp. 2d at 1347.

3

As for the third and fourth elements, it is unclear whether Courson conducts any legitimate activities that would be harmed by injunctive relief.  _Id._  On the other hand, because of advances in technology, copyright infringers can easily reach a wide audience. _MGM Studios, Inc. v. Grokster, Ltd._, 545 U.S. 913, 928-29 (2005). As a result, the plaintiffs face substantial harm if the requested injunctive relief is not granted.  _See_ _id._  It is unlikely an injunction will cause significant harm to Courson.  Thus, the balance favors entry of an injunction.  Finally, injunctive relief is in the public interest, not only for the protection of copyrights, but also because of the public's interest in supporting creative pursuits while controlling costs passed on to the public when pirated copyrights cause lost revenues.  _See_ _Grokster_, 545 U.S. at 928; _Miller v. Universal City Studios, Inc._, 650 F.2d 1365, 1371 (5th Cir. 1981); _Sony Music Entm't._, 45 F. Supp. at 1347.  For these reasons, the Court enters an injunction substantially as requested by the plaintiffs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.  The Application for Entry of Default Judgment by the Court (Doc. # 12) is hereby **GRANTED**.

2.  The plaintiffs shall have a money judgment against Courson for $7,300.  This amount includes $6,750 in statutory damages and $550 in costs.

4

3.    Courson is hereby enjoined from directly or indirectly infringing the plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by the plaintiffs (or any parent, subsidiary, or affiliate record label of the plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) Plaintiffs' Recordings, to distribute (i.e., upload) Plaintiffs' Recordings, or to make Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of the plaintiffs.  Courson also shall destroy all copies of Plaintiffs' Recordings that Courson has downloaded onto any computer hard drive or server without the plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Courson's possession, custody, or control.

4.    The Clerk shall enter judgment accordingly.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 12th day of October 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

5